## Williams & Youngblood v. The State.

*Indictment for Larceny.*

*Charge to jury ; what erroneous.* — It is error to charge the jury in a criminal case that, " although they may have a reasonable doubt of any single fact in the testimony of any witness, they cannot acquit unless such fact is material to the issue joined."

APPEAL from Circuit Court of Pike.

Tried before HON. J. MCCALEB WILEY.

The appellants were indicted and convicted for the larceny

of two " yearling cattle."    The testimony for the State tended
to show that appellants, passing by the prosecutor's field,
turned the yearlings in with a drove of their own cattle and
sold them in Montgomery.    The identity of the cattle, seen in
the drove, which some of the witnesses testified belonged to
the prosecutor, was one of the material issues on the trial; and
there was some conflict between the witnesses for the State
and those for the defence as to the marks and peculiarities by
which the yearlings were sought to be identified.

Various exceptions were reserved to the ruling of the court
below, but it is only necessary to refer to one of them.    The
court, at the request of the solicitor, charged the jury " that
although they may have a reasonable doubt of any single fact
in the testimony of any witness, they cannot acquit unless
such fact is material to the issue joined."    To the giving of
this charge the defendants excepted, and it is here assigned
for error.

N. W. GRIFFIN and JOHN D. GARDNER, for appellants. —
The charge given is manifestly erroneous.    Its evident ten-
dency was to mislead the jury.    How were they to determine
what fact was material to the issue joined?    A fact about
which they had grave doubts, the existence of which would
require an acquittal, might be thrown aside by the jury be-
cause they deemed it immaterial, when if they were charged
that it was material, they would acquit.

JOHN W. A. SANFORD, Attorney General, contra.

JUDGE, J. — The charge given cannot be sustained.    It
had the effect of withdrawing from the consideration of the jury
material evidence upon which the defendants relied to make
good their defence, in this : it made their guilt turn upon the
single question as to whether the jury might have a reasonable
doubt upon " any single fact in the testimony of any witness ; "
and if they should have such doubt, they were told that they
" could not acquit," unless such fact was " material to the issue
joined."    Holmes v. The State, 23 Ala. 17.    Furthermore, the
charge erroneously left it to the jury to determine whether or
not any of the facts in evidence in the cause were material
to the issue joined ; and besides, not asserting a correct legal
proposition, it was calculated to mislead the jury to the preju-
dice of the defendants.

We deem it unnecessary to pass upon the other questions
presented by the record, as they may not again arise on an-
other trial.

For the error we have pointed out, the judgment must be reversed and the cause remanded. The defendant will remain in custody until discharged by due course of law.